```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
DERRICK CHESTNUT, on behalf of himself    :
and others                                :
                                          :
         Plaintiff,                       :
                                          :
         - against -                      :
                                          :
WHITEHAVEN INCOME FUND I, LLC;            :
WHITEHAVEN SHERWOOD FOREST, LLC;          :    12 Civ. 8854 (PAC)
WHITEHAVEN S.M.H. FUND I, LLC; AND        :
ARCHSTONE CAPITAL HOLDINGS, LLC           :    ORDER & OPINION
                                          :
         Defendant.                       :
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
```

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: January 6, 2014
```

HONORABLE PAUL A. CROTTY, United States District Judge:

Plaintiff Derrick Chestnut brings this class action against Defendants Whitehaven Income Fund I, LLC, Whitehaven Sherwood Forest, LLC, Whitehaven S.M.H. Fund I, LLC, and Archstone Capital Holdings, LLC (collectively "Whitehaven") alleging unjust enrichment and violations of New York General Business Law § 349 arising out of a contract he signed with Defendants. Plaintiff also seeks a declaratory judgment that his contract with Defendants is unenforceable because it is unconscionable and illegal. Under the terms of the contract, Chestnut received $5,000 from Defendants on the condition that he would repay the money, with 4.99% interest compounded monthly, from the recovery, if any, that he received from his products liability lawsuit against the manufacturer of a defective defibrillator.

Defendants move to dismiss the complaint on the grounds that the contract is not a loan as alleged, but rather an investment in the outcome of Chestnut's litigation, and therefore none of

Plaintiff's allegations state a claim for relief. For the reasons that follow, Defendants' motion is denied.

## BACKGROUND

Whitehaven asserts that it is a lawsuit investment company that advances funds on a non-recourse basis to individuals who have legal claims for which they are seeking financial recovery. Plaintiff Derrick Chestnut had a bona fide claim against Guidant Corporation, the manufacturer of a defective defibrillator. The defibrillator malfunctioned, severely shocking Chestnut, requiring him to have open heart surgery that left him unable to work. Chestnut needed money, not to finance his litigation, which was being handled on a contingency basis, but rather to meet his other financial obligations while his lawsuit was pending. He applied for a loan from a number of lenders, but because he is indigent, he was unable to secure one. Chestnut thereafter entered into an arrangement with Whitehaven in which Whitehaven provided him $5,000. This amount was to be repaid from the proceeds of Chestnut's recovery from his lawsuit, together with an applicable fee of $350, an origination fee of $500, and a 4.99% per month rate of interest, which was compounded monthly. There was a minimum required repayment amount of $7,350, regardless of the date of repayment. If Chestnut did not recover anything from his lawsuit, he would owe Whitehaven nothing.

Chestnut settled his underlying action against the medical device manufacturer for $40,000, but after attorney's fees and costs, there was a net recovery of $25,677.08. The amount Chestnut owed to Whitehaven grew from the principal amount of $5,000 to more than $37,000. In these circumstances, Chestnut commenced an action for unjust enrichment and deceptive conduct and practices on behalf of himself and a class of similarly situated individuals. Chestnut alleges that the agreement is in fact a loan, the terms of which are usurious. He also seeks a

declaratory judgment that the contract he signed with Whitehaven is unenforceable because its terms are unconscionable and illegal.

Whitehaven moves to dismiss the complaint. Whitehaven argues that notwithstanding the well-pleaded allegations of the complaint that it made a loan to Chestnut, and a usurious one at that, in fact Chestnut did not obtain a loan, but rather entered into an "Investment Agreement" with Whitehaven.

## DISCUSSION

When considering a motion to dismiss, the Court "assess[es] the legal feasibility of the complaint;" but it does not "assay the weight of the evidence which might be offered in support thereof." *Ryder Energy Distribution Corp. v. Merrill Lynch Commodities Inc.,* 748 F.2d 774, 779 (2d Cir.1984). To state a facially plausible claim, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). A court must "tak[e] factual allegations [in the complaint] to be true and draw [] all reasonable inferences in the plaintiff's favor." *Harris v. Mills*, 572 F.3d 66, 71 (2d Cir. 2009).

The purpose of a 12(b)(6) motion to dismiss is not to test the factual accuracy of the Complaint's allegations, but rather to test whether the complaint's factual allegations, taken as true, state a legal claim upon which relief may be granted. Taken as true, the facts in Plaintiff's complaint adequately allege that Defendants provided Plaintiff a loan, for which the interest rate far exceeds the statutory maximum. At the pleading stage, it is premature to entertain defendant's argument that the advance of the funds was not a loan, but rather an investment in Chestnut's lawsuit.

## CONCLUSION

Defendant's motion to dismiss is denied. The parties should meet and confer to enter into a civil case management plan so that the facts may be ascertained. The plan should be submitted by Tuesday, January 21, 2014. The Clerk of Court is directed to terminate the motion at Docket Number 8.

Dated:     New York, New York          SO ORDERED

           January 6, 2014

_____
PAUL A. CROTTY
United States District Judge