UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
:
DERICK CHESTNUT, on behalf of himself :
and others, :
:
　　　　　　　　　*Plaintiff*, :
:
　　-*against*- : 12 cv 8854 (PAC)
:
WHITEHAVEN INCOME FUND I, LLC; :
WHITEHAVEN SHERWOOD FOREST, LLC : **OPINION & ORDER**
WHITEHAVEN S.M.H. FUND I, LLC; and :
ARCHSTONE CASTLE HOLDINGS, LLC, :
:
　　　　　　　　　*Defendants*. :
:
------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: October 23, 2014

HONORABLE PAUL A. CROTTY, United States District Judge:

　　Plaintiff Derrick Chestnut brings this class action against Defendants Whitehaven Income Fund I, LLC, Whitehaven Sherwood Forest, LLC, Whitehaven S.M.H. Fund I, LLC, and Archstone Capital Holdings, LLC (collectively, "Defendants").

　　Plaintiff and Defendants entered into a litigation funding contract, entitled Plaintiff Agreement ("Agreement").[1] Under its terms, Plaintiff received $5,000 on the condition that he would repay Defendants—with 4.99% interest compounded monthly—from any net recovery he received from an unrelated products liability lawsuit. Compl. ¶ 85. Plaintiff's recovery from the products liability lawsuit after legal fees was $25,677.08, but the amount due had grown from

---

[1] With respect to the Agreement signed by Plaintiff: Whitehaven Sherwood Forest, LLC had a contractual relationship with Plaintiff and provided the initial $5,000; Whitehaven Income Fund I, LLC and Whitehaven S.M.H. Fund I, LLC were affiliated with Whitehaven Sherwood Forest, LLC and are part of the Whitehaven Group LLC; Whitehaven Sherwood Forest, LLC assigned its rights under the Agreement to Archstone Castle Holdings, LLC. Ring Aff. All Whitehaven entities have ceased business operations. *Id* at ¶ 20.

1

$5,000 to more than $37,000. Compl. ¶¶ 54-55.

Plaintiff brought a class action against Defendants alleging unjust enrichment and violations of New York General Business Law § 349. Plaintiff also seeks declaratory relief holding the Agreement unenforceable because it is unconscionable and illegal. On January 6, 2014, the Court denied Defendants' motion to dismiss.

On April 2, 2014, Defendants moved to compel arbitration pursuant to an arbitration clause in the Agreement. Plaintiff responds that: (1) Defendants should be estopped from relying on the arbitration clause; (2) the arbitration clause is unconscionable; and (3) Defendants have waived any right to arbitrate the dispute. The arguments are rejected and Defendants' motion to compel arbitration is GRANTED.

## DISCUSSION

### I. Legal Standard

Defendants move to compel arbitration under the Federal Arbitration Act ("FAA") pursuant to ¶ 27 of the Agreement, which provides that:

> [a]ny controversy or claim arising out of or relating to this contract, including without limitation the interpretation, validity, enforceability or breach thereof, shall be settled by final, binding arbitration administered by the American Arbitration Association (hereinafter referred to as 'AAA') in accordance with its Commercial Arbitration Rules, and judgment on the award rendered by the arbitrator may be entered in any court having jurisdiction thereof.

This broadly worded arbitration clause creates a presumption in favor of arbitrating Plaintiff's claims. *Collins & Aikman Prods. Co. v. Building Sys., Inc.*, 58 F.3d 16, 20 (2d Cir. 1995) ("We have stated that a court should decide at the outset whether 'the arbitration agreement [is] broad or narrow.' If broad, then there is a presumption that the claims are arbitrable. The clause in this case, submitting to arbitration '[a]ny claim or controversy arising

out of or relating to th[e] agreement,' is the paradigm of a broad clause.") (citations omitted).

Thus, if the non-moving party fails to rebut the presumption, the Court can compel arbitration. *See Green Tree Fin. Corp.-Alabama v. Randolph*, 531 U.S. 79, 91-92 (2000) (discussing the burden shouldered by the party resisting arbitration).

## II. Defendants are not estopped from relying on the arbitration clause

Plaintiff argues that Defendants are not entitled to arbitrate because a 2005 settlement agreement between Defendants and the New York Attorney General ("Assurance") provides, in part, that "[n]o contract may require mandatory arbitration to resolve disputes under the contract." By its terms, the contract is applicable only to "New York consumers." *See* Assurance pmbl.

The legal effect of this Assurance was addressed in *Whitehaven S.F., LLC. v. Spangler*, No. 13 Civ. 8476(ER), 2014 WL 4494168 (S.D.N.Y. Sept. 10, 2014). Judge Ramos determined that "the 2005 Assurance of Discontinuance is not a law of the state, nor is it a public policy, given that it is not found in the constitution, statutes or judicial records of New York." *Id.* at *11. The Assurance did not create a private right of action for citizens to enforce the terms. *Id.* at *12 ("To hold otherwise would essentially grant the Attorney General the authority to create legislation simply by entering into negotiated settlements with private parties.").

Plaintiff cannot rely on the Assurance to escape the parties' agreement to arbitrate "[a]ny controversy or claim" arising from their agreement. Further, by its terms, the Assurance protects only New York consumers; Plaintiff, a citizen of Georgia, is not entitled to any of the Assurance's protections.

### III. The arbitration clause is not unconscionable

Next, Plaintiff argues that the arbitration clause is both substantively and procedurally unconscionable. Issues of unconscionability "must be resolved first, as a matter of state law, before compelling arbitration pursuant to the FAA." *Cap Gemini Ernst & Young, U.S., L.L.C. v. Nackel*, 346 F.3d 360, 365 (2d Cir. 2003). Plaintiff, however, fails to establish either procedural or substantive unconscionability.

In alleging procedural unconscionability, Plaintiff argues that the arbitration clause was a product of Defendants' high-pressured tactics. Plaintiff, however, fails to demonstrate the existence of any high-pressured tactics, such as requiring an immediate signature or preventing Plaintiff from consulting with an attorney. To the contrary, by its terms, the contract required Plaintiff to obtain legal advice before signing and also required Plaintiff to acknowledge that Defendant satisfactorily answered all questions regarding the agreement. Agreement ¶¶ 19-20; *see In re Conifer Realty LLC (EnviroTech Servs., Inc.)*, 964 N.Y.S.2d 735, 738 (N.Y. App. Div. 3d Dep't 2013) (upholding an arbitration clause printed on the back of a remediation agreement, and entered into without legal advice, because it was printed in the same size typeface as the other provisions). Plaintiff also argues that the arbitration clause is procedurally unconscionable because it was deceptive. But Plaintiff fails to establish that the arbitration clause itself was deceptive; instead, Plaintiff argues that other provisions in the contract, such as the interest rates, were deceptive. Because such arguments do not pertain to the arbitration clause itself, they are properly dealt with by the arbitrator. *See Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 446 (2006) (noting that when a party challenges a contract, "but not specifically its arbitration provisions, those provisions are enforceable apart from the remainder of the contract").

In alleging substantive unconscionability, Plaintiff focuses on the costs involved in filing for arbitration and traveling to New York to arbitrate. The argument has no substance; after all, it was Plaintiff who chose a New York court to initiate a class action. Moreover, the total filing fees for an arbitration dispute—totaling $1,275—fall well short of the "grossly unreasonable in the light of the mores and business practices" standard necessary to prove unconscionability. *Gillman v. Chase Manhattan Bank, N.A.*, 534 N.E.2d 824, 828 (N.Y. 1988).

The Court also notes that two federal courts have already rejected, in well-reasoned opinions, similar allegations of unconscionability regarding Defendants' arbitration clauses. *See Spangler*, 2014 WL 4494168, at *11; *Kelly v. Whitehaven Settlement Funding, LLC*, No. 09 Civ 0541(DRH), 2010 WL 746983 (S.D.Ill. Fed. 26, 2010).

### IV.    Defendants have not waived the right to arbitrate the dispute

Finally, Plaintiff argues that Defendants waived arbitration and have caused Plaintiff both substantive prejudice and prejudice arising from the excessive delay in seeking arbitration.

Plaintiff's substantive prejudice claim hinges on having to re-litigate the central issue in arbitration, having allegedly already done so in the motion to dismiss. *See Kramer v. Hammond*, 943 F.2d 176, 179 (2d Cir. 1991) (substantive prejudice can exist "when a party loses a motion on the merits and then attempts, in effect, to relitigate the issue by invoking arbitration"). The Court's ruling on Defendants' Rule 12(b)(6) motion did not foreclose Defendants' seeking arbitration. *See Sweater Bee by Banff, Ltd. v. Manhattan Indus., Inc.*, 754 F.2d 457, 465 (2d Cir. 1985) (reiterating that a defendant does not waive arbitration merely by litigating a Rule 12(b)(6) motion). Nor was the period between the Court's ruling and Defendants' motion to compel arbitration excessive. In any event, the passage of time does not constitute a waiver of

Defendants' right to arbitrate pursuant to the Agreement.

## CONCLUSION

For the foregoing reasons, Defendants' motion to compel arbitration is GRANTED. The Clerk of the Court is directed to close the case, with the possibility of reinstatement pending the outcome of arbitration.

Dated: New York, New York
      October 23, 2014

SO ORDERED

*Paul Crotty*

PAUL A. CROTTY
United States District Judge